THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Wesley Islas,<br><br>               Plaintiff,<br>v.<br><br>Enrique Meza, et al.,<br><br>               Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO APPOINT COUNSEL AND MOTION FOR JUDICIAL SETTLEMENT CONFERENCE<br><br>Case No. 1:25-cv-00040-DBB-DBP<br><br>District Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

Before the court are Plaintiff's Motion to Appoint Counsel and Motion for Judicial Settlement Conference.[1] The court will deny the motions.

Pro se Plaintiff Wesley Islas filed this suit alleging violations of 42 U.S.C. § 1983, and the Fourth, Fifth and Fourteenth Amendments of the U.S. Constitution. The court granted Plaintiff's Motion to Proceed in forma pauperis and ordered the U.S. Marshalls to serve the matter upon Defendants.[2] Plaintiff now seeks the appointment of counsel arguing this case is complex issues including qualified immunity, Fourth Amendment standards for traffic stops and searches, Fifth Amendment retaliation claims, and Plaintiff has limited formal legal education and no experience litigating a matter such as this. Additionally, Plaintiff points to proceeding in forma pauperis as a basis to grant his request for counsel.

---

[1] ECF No. 26, ECF No. 27.

[2] Order Granting Motion to Proceed In Forma Pauperis & Ordering Service by the United States Marshals, ECF No. 10.

While defendants in criminal cases have a constitutional right to representation by an attorney,[3] "there is no constitutional right to appointed counsel in a civil case."[4] Appointment of counsel in civil cases is left to the court's discretion. Indigent parties in civil cases may apply for appointment of counsel under 28 U.S.C. § 1915(e)(1) (in forma pauperis or IFP statute), which allows a court to "request an attorney to represent any person unable to afford counsel."[5] Under the IFP statute, the applicant has the burden to convince the court that his or her claim has sufficient merit to warrant the appointment of an attorney.[6] When deciding whether to appoint counsel, the court must "give careful consideration to all the circumstances with a particular emphasis upon certain factors that are highly relevant to a request for counsel."[7] Those factors include: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims."[8]

In considering those factors, it appears that Plaintiff has articulated factual support for a claim. Next, the nature of the factual issues weighs against appointment as the matter is relatively straight forward. Third, Plaintiff is proficiently navigating the complexities of this case thus far. As found in other cases, Plaintiff here also appears to possess the "ability to investigate the facts necessary for [the] issues and to articulate them in a meaningful fashion."[9] For example,

---

[3] *See* U.S. Const. amend. VI; Fed. R. Crim P. 44.

[4] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[5] 28 U.S.C. § 1915(e)(1).

[6] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[7] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citation modified).

[8] *Id.*

[9] *See Lepp v. South Salt Lake Police Department*, et. al., No. 2:25-Cv-00675, 2025 WL 3012916, at *1 (D. Utah Oct. 28, 2025) ("While the factual and legal issues in this case appear somewhat complex, upon review, Plaintiffs show a keen "'ability to investigate the facts necessary for [the] issues and to articulate them in a meaningful fashion.'") (quoting *Sandoval-Ochoa v. United States*, 2017 U.S. Dist. LEXIS 57112, at *1 (D. Utah April 13, 2018)).

Plaintiff filed an Amended Complaint. Lastly, the constitutional violations mentioned in Plaintiff's Amended Complaint are not particularly complex. There is well-established case law in these areas, and the standards are clearly defined and frequently litigated. In sum, there is nothing to suggest, including Plaintiff's IFP status, that he cannot continue to prosecute this matter. Thus, the court will deny the motion for appointment of counsel.

Finally, given the very early stage of this case, including the fact that Defendants have yet to file an Answer or respond to the Complaint, the request for a settlement conference is premature. After the case progresses Plaintiff may confer with Defendants about requesting a settlement conference if it is warranted.

Plaintiff's Motion for Appointment of Counsel is DENIED and Plaintiff's Motion for Settlement Conference is DENIED WITHOUT PREJUDICE.

DATED this 28 May 2026.

_____
Dustin B. Pead
United States Magistrate Judge

3